UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LISA SILSBEE,

    Plaintiff,

v.

CAROLYN W. COLVIN, COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
_____

3:14-CV-0345
(GTS/ATB)

APPEARANCES:

LACHMAN & GORTON
 Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13761-0089

SOCIAL SECURITY ADMINISTRATION
OFFICE OF REG'L GEN. COUNSEL–REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

OF COUNSEL:

PETER A. GORTON, ESQ.

AMANDA J. LOCKSHIN, ESQ.

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

  Currently before the Court, in this action filed by Lisa Silsbee ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") seeking Social Security Disability Insurance Benefits pursuant to 42 U.S.C. § 405(g), are the following: (1) the Report-Recommendation of United States Magistrate Judge Andrew T. Baxter, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court recommending that Plaintiff's Complaint be dismissed in its entirety; (2) Plaintiff's

Objections to the Report-Recommendation; and (3) Defendant's Response to Plaintiff's Objections. (Dkt. Nos. 14, 16, 17.) For the reasons set forth below, Plaintiff's Objections are rejected; Magistrate Judge Baxter's Report-Recommendation is accepted and adopted in its entirety; and Plaintiff's Complaint is dismissed.

## I.  RELEVANT BACKGROUND

### A.  Procedural History

On April 26, 2011, Plaintiff filed an application for Disability Insurance Benefits, alleging a disability onset date of January 29, 2010, which left her unable to work. (Administrative Transcript ["T."] at 136-137).[1] On June 30, 2011, Plaintiff's application was initially denied by the Social Security Administration. (T. at 79-82.) Plaintiff appealed the decision and, on November 8, 2012, a hearing was held before an Administrative Law Judge ("ALJ") of the Social Security Administration. (T. at 28-70.)

On January 11, 2013, the ALJ issued a decision finding that Plaintiff was not disabled. (T. at 11-24.)[2] Plaintiff appealed the ALJ's decision to the Social Security Administration's Appeals Council and, on October 2, 2009, the Appeals Council denied Plaintiff's request for further review, making the ALJ's decision final. (T. at 1-5.) On March 28, 2014, Plaintiff commenced this action in federal court. (Dkt. No. 1.)

Generally, in her brief in support of her Complaint, Plaintiff essentially asserts three

---

[1] "To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'" *Dixie v. Comm'r of Soc. Sec.*, 05-CV-0345, 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (Mordue, J.) (citation omitted).

[2] The ALJ determined that Plaintiff has the following impairments: fibromyalgia, history of thrombophlebitis, prescription narcotic pain medication dependence and obesity. (T. at 13-17.)

arguments: (1) the ALJ erred by failing to properly consider and assess all of Plaintiff's severe impairments (including her knee impairment, back impairment, joint pain, plantar fasciitis, psychiatric impairments, and the side effects of medication) and include the true limiting effect of those impairments in the Residual Functional Capacity ("RFC") determination, resulting in an RFC evaluation that is not supported by substantial evidence; (2) the ALJ erred by failing to properly weigh the medical evidence; and (3) the ALJ erred by failing to obtain testimony from a vocational expert. (Dkt. No. 11.)

Generally, in her brief in response to Plaintiff's brief, Defendant disagrees with each of these arguments, and argues that the Commissioner's decision should be affirmed. (Dkt. No. 14.)

### B. Magistrate Judge Baxter's Report-Recommendation

On May 4, 2015, Magistrate Judge Baxter issued a Report-Recommendation recommending that the Commissioner's decision be affirmed, and that Plaintiff's Complaint be dismissed. (Dkt. No. 15.) Generally, Magistrate Judge Baxter's Report-Recommendation is based on the following findings and conclusions: (1) the ALJ's finding that Plaintiff does not have a "severe impairment" which significantly limits her physical or mental ability to do basic work activities is supported by substantial evidence; (2) the ALJ's finding that Plaintiff has the RFC to perform a full range of sedentary work is supported by substantial evidence; and (3) because the ALJ found that Plaintiff could perform a full range of sedentary work, a vocational expert was not required. (*Id.* at Parts VI to VIII.)

### C. Plaintiff's Objection to the Report-Recommendation

On May 19, 2015, Plaintiff filed her Objections to the Report-Recommendation, expressly asserting "the same" arguments as asserted in Plaintiff's brief in support of her Complaint. (Dkt. Nos. 11, 16.)

On June 2, 2015, Defendant filed her Response to Plaintiff's Objections, asserting two arguments: (1) because Plaintiff relies exclusively on the arguments raised in her brief in support of her Complaint, the Court need review the Report-Recommendation only for clear error; and (2) the Report-Recommendation survives that clear-error review, the ALJ's decision that Plaintiff remained capable of work being based on substantial evidence. (Dkt. No. 17.)

## II. GOVERNING LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[3] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4] Similarly, a district court will ordinarily refuse to consider argument that could

---

[3] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[4] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the

have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error*

---

magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

review.[5]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[6]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

      **B.**      **Standard Governing Judicial Review of Defendant's Decision**

In Part II.A. of his Report-Recommendation, Magistrate Judge Baxter correctly recited the legal standard governing judicial review of Defendant's decision.  (Dkt. No. 14, at Part II.A.)  As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for the review of the parties.

---

      [5]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

      [6]      *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

## III. ANALYSIS

After conducting a clear-error review of all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, the Court concludes that Magistrate Judge Baxter's thorough Report-Recommendation is correct in all respects. (Dkt. No. 14.) Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 15) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: July 23, 2015
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge